833 F.2d 1024
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
TOWN OF NORTH BONNEVILLE, WASHINGTON, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant/Cross-Appellant.
 Nos. 87-1261, 87-1300.
 United States Court of Appeals, Federal Circuit.
 Oct. 28, 1987.
 
 Before DAVIS, Circuit Judge, NICHOLS, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The decision of the United States Claims Court (Harkins, J.), 11 Cl.Ct. 694 (1987), see also 5 Cl.Ct. 312 (1984), holding in part for plaintiff-appellant and in part for defendant cross-appellant, is affirmed except with respect to the "optimum town lands" as to which the judgment is reversed.
 
 OPINION
 
 2
 This is a unique case springing from the project of the Corps of Engineers to build a second powerhouse at Bonneville Dam, part of which is in the State of Washington and part in Oregon. Appellant, Town of North Bonneville (Town or North Bonneville), developed with the construction of the dam and until 1975 its center was located adjacent to the dam on the Washington side of the Columbia River. The Corps decided to place its new, second powerhouse on the location of North Bonneville; that project would call upon the United States to acquire some 95% of the area then occupied by North Bonneville, and would result in the removal of all the residences, businesses and municipal facilities in the Town. The Town's officials notified the Government that the residents desired to be relocated as a community, rather than individually under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. Sec. 4601 et seq. To accomplish this result Congress enacted a special bill which became Section 83 of the Water Resources Development Act of 1974, Pub.L. 93-251, 88 Stat. 12, 35. That statute authorized the Secretary of the Army "to relocate the Town of North Bonneville, Washington, to a new townsite." In addition, Section 83 empowered the Secretary to "cooperate in the planning of a new town" with federal and non-federal interests, to acquire lands "necessary" for the new town, and "to convey title to said lands to individuals, business or other entities, and to the town as appropriate."
 
 
 3
 After Section 83 was enacted, representatives of the Town and the Corps negotiated and executed a series of written instruments, including (a) a cost reimbursable planning agreement; (b) a Memorandum of Agreement setting forth "current understandings, agreements, and planned actions and relationships between" North Bonneville and the Corps; (c) a relocation contract. The new Town has been built, with the Corps acquiring relocation land, constructing municipal facilities and giving relocation assistance to individuals.
 
 
 4
 This action was filed (in 1980) by the Town in the Court of Claims, claiming damages of over $14 million (later increased to about $27 million). The Government filed counterclaims in the amount of over $13 million. A lengthy trial was held and the Claims Court issued a long and comprehensive opinion in favor of both sides. The court awarded the Town $567,093.10 for (1) the Corps' failure to deliver certain specific relocation lands ($191,100.74); (2) construction deficiencies ($335,603.94); and (3) salary expenses of the Town that the Government was obligated to reimburse ($40,388.42). The United States was awarded (a) as an offset to the Town's recovery, the sum of $1,421,966.70 for business and occupation taxes the Town had improperly collected and (b) operation and maintenance costs ($365,181.32) the Government paid that were chargeable to North Bonneville. Both parties have appealed.
 
 
 5
 As we have already noted, Judge Harkins wrote a comprehensive, specific, detailed opinion covering the ground very well. He reached conclusions consonant with law and justice. Except for one item, we agree with his results and, seeing no need to repeat his careful analysis in this unique case, we affirm on the basis of his opinion.
 
 
 6
 The one exception is the court's holding that the Government was liable (in the amount of the Government's acquisition costs) for failure to convey two land parcels (so-called "optimum town" lands) to the Town. There are several reasons why the court erred in levying this burden on the Government. First, it had been agreed that the United States would retain title to land needed for Government purposes--and the two parcels were both owned by the United States and were needed by the Corps for project purposes. Second, the prior agreements did not give the Town the right to any specific land (or any land at all) but left that to the Government's discretion--and there was no proof that the United States was required to convey these two parcels. Third, Section 83 required a binding contractual agreement between the United States and North Bonneville before the Army Secretary could acquire any real property for the new town--and there was no such commitment. Further, the Relocation Contract required the Town to repay the Government for its cost of lands like those in question. The Town never paid and did not prove that the value of the parcels exceeded the price the Town would have been required to pay to the Corps for them. In short, North Bonneville suffered no damages from the failure to convey the two parcels. For all these reasons, the sum of $191,100.74 must be deducted from the award to the Town.